IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA - WESTERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Darryl & Cheryl Hamner** | ) | **BK NO. 23-71034-JHH-13** |
| | ) | |
| **DEBTOR.** | ) | |

**DEBTOR'S OBJECTION TO NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES & CHARGES**

Comes now the Debtor in the above referenced matter and moves this Honorable Court as follows:

1. Debtor objects to the Notice of post-petition mortgage fees, expenses and charges filed by **U.S. Bank National Association ("US BANK")** on December 18, 2023.

2. Creditor has charged a total of $1,750 in post-petition bankruptcy attorneys' fees.

3. Included in this $1,750 is $850 for "Bankruptcy/Proof of claim fees" and $350 for "Plan Review Fee" and $550 for "Objection to Confirmation".

4. These amounts are not reasonable and are excessive for the services performed.

5. There is no itemization of actual services performed or time spent for each item. There is no information for which a proper lodestar analysis can be performed.

6. US BANK holds an undisputed claim for mortgage arrears in a routine case that involves no unusual issues regarding the validity of the secured indebtedness. By using Official Form in the preparation of her plan, the debtor minimized the need for extensive creditor review. Nor should this matter have necessitated any special or unique response. Creditor is an institutional creditor with a large portfolio of loans that regularly become the subject of claims in Chapter 13. In all likelihood, clerical or paralegal staff prepared the proof of claim for expeditious review by counsel. Having given due consideration to all of these factors, Debtor contends that the reasonable fee for plan review and claim preparation should together not exceed $850. Chapter 13 proceedings are not necessarily routine for some creditors and that some cases involve special issues or disputes. In such instances, the Court might allow greater reimbursement for post-petition legal services, particularly where time records demonstrate a higher level of attorney involvement. See In re Bulger, 606 B.R. 526 (Bankr. W.D.N.Y. 2019). In the present instance of routine response, however, the Court should allow a charge for

post-petition legal services of $850 for the entirety. Any additional reimbursement should be denied.

7. The filing of an objection to confirmation is unnecessary in this Division where the claim controls absent an objection to said claim. The amount of fees is greater than the amount of the pre-petition claim. The pro-rata work for "plan review" is equivalent to approximately half the time it took to draft the plan.

8. Said post-petition expenses should be stricken and disallowed except to the extent of $850. In the alternative, the expenses should be allowed only to the extent of reasonableness for services performed as adjudicated by This Court.

WHEREFORE, Debtor requests this Honorable Court to sustain the objection to said claim.

Respectfully Submitted,

/s/ Eric M. Wilson

Eric M. Wilson
Eric Wilson Law, LLC
1902 8th Street
Tuscaloosa, AL 35401
(205) 349-1280
ewilson@ericwilsonlaw.com

**Certificate of Service**

I hereby certify that on March 26, 2024 I served a copy of the foregoing on the following parties by hand delivery or depositing a copy into the United States Mail or, when available, by electronic mail or via ECF.

C. David Cottingham
Via ECF electronic noticing to dcottingham@ch13tusclaoosa.com

US BANK, NA
c/o Hugh Smith Attorney for Creditor
3550 Engineering Drive Suite 260
Peachtree Corners GA 30092
*Via 1st Class US Mail*

/s/ Eric M. Wilson